STATE EX REL. OSBORN V. JOHN MITCHELL ET AL.

1. PETITION FOR HAMLET—FILING WITH CLERK.

The township clerk is clerk of the board of township trustees, and filing a petition with the clerk, addressed to the trustees, when the board is not in session, is a "filing with the trustees." A petition, for a hamlet, so filed takes precedence over another petition subsequently filed with the trustees themselves, and mandamus will lie to compel the trustees to act on the first petition filed.

2. FIRST ELECTION SET ASIDE.

Where the trustees of a township, after the filing of a petition for a hamlet with the clerk, acted first on a second petition to form the whole township into a hamlet, thus defeating the purpose of the first petition, an election held under their irregular action should be set aside and a new election ordered on the first petition.

3. MAP—SUFFICIENT FILING—SUPPLEMENTING.

Where at the time of filing the petition to form a hamlet, under Sec. 1561a, Rev. Stat., a map of the territory sought to be included therein is presented to the clerk of the board of township trustees and returned to the person presenting it as mere convenience in carrying it to the meeting of the trustees, it is duly filed with the trustees; and where no complaint was made at the time of filing the same, if such map is insufficient, it may be properly supplemented by a better one before action was taken thereon by the trustees.

4. AGAINST PUBLIC POLICY TO FORM WHOLE TOWNSHIP INTO HAMLET, WHEN.

The statute pertaining to hamlets was passed for the purpose of allowing part of a township to become incorporated because its needs were different from adjacent territory, and while it cannot be said to be fraudulent, it is against public policy to defeat the purpose of the statute by allowing a whole township to become a hamlet for the sole purpose of keeping the smaller territory from forming itself into a hamlet, especially where it desired to retain the smaller part because of the revenue arising from taxes.

5. MANDAMUS, NOT REVIEW, THE PROPER REMEDY.

Where the trustees of a township without authority or jurisdiction acted on a second petition to incorporate a whole township into a hamlet, after the first petition to form part thereof into a hamlet, both being duly filed, and an election is held incorporating the whole township, Sec. 1562, Rev. Stat., et seq., relating to review of proceedings in the formation of a hamlet was not intended to apply, and mandamus to compel the trustees to call an election upon the first petition is the proper remedy.

APPEAL.

*Garfield, Garfield & Howe* and *Wm. O. Mathews*, for plaintiff.
*P. H. Kaiser, F. L. Taft* and *Geo. L. Phillips*, for defendant.

CALDWELL, J.

This is an action brought to compel the trustees of Dover township to proceed under a petition filed by the relator, Reuben Osborn and others, for a hamlet in Dover township.

The plaintiffs show that they have complied with the provisions of the statutes (Sec. 1561a, Rev. Stat., *et seq.*) in regard to all the preliminary steps for the forming of a hamlet, and that their petition was presented to the board of trustees in due form and a map accompanying the

State v. Mitchell.

same, and that the trustees, before acting upon the same as they are required to do by statute by submitting the same to the electors within the territory lying within the proposed hamlet, for vote. And the defendants say that they have no authority to act in the matter, by reason of other action that has been taken upon another petition filed before them by which the entire township has become a hamlet and inferring that they have no right to carve a hamlet out of a hamlet.

The contention in this case is found upon the facts substantially as follows:

The northern part of the township of Dover determined to and did take the proper steps to be formed into a hamlet, which was carried so far as to present the proper papers to the trustees for their action. The other portion of the township, which was the much larger portion, learning of the proposed action of the northern part of the township, immediately started proceedings to form the entire township into a hamlet, and those proceedings were prosecuted until the proper papers were filed with the trustees of the township. The trustees acted upon the proposition of forming the entire township into a hamlet before acting upon the other, and it was submitted to a vote and the vote was in favor of forming the entire township into a hamlet.

This proceeding on the part of the trustees is challenged, and it is said they acted without authority and that their action is, therefore, no defense in this proceeding. And this is determined largely by determining which petition was first filed with the trustees. And that depends somewhat upon what constitutes *filing with the trustees*.

The clerk of the township is clerk of the board of trustees, and to file any paper with a board when the board is not in session is to file it with the clerk of the board; and when the complainants or the plaintiffs, and those associated with them, filed their petition and map with the clerk, it was a filing and presenting of the same to the board of trustees.

The petition, therefore, under the facts of the case, of those seeking to form the north hamlet, was first filed with the board, and it was first presented to the board by those authorized to present the same. But it is said that the map was not filed at that time.

The map and the petition were both presented to the clerk for filing. The petition was marked. The clerk accepted the map, and the clerk retained the petition; but the map was returned to Mr. Osborn, but as a mere convenience in carrying to the meeting of the trustees which was in the afternoon of the same day. So that the petition and the map were both filed with the clerk on the morning of the day of the meeting. They being the *first* filed, they were *first* for consideration by the board of trustees.

Instead of taking that action on that petition and submitting it to the voters of the territory in the northern part of the township proposed to be formed into a hamlet, the board took action on the petition filed by the electors of the township for the whole township to be formed into a hamlet. This they had no authority to do. Their only authority was to act on the petition first filed, and no further action could be taken until it was determined what was to be done under that proceeding.

It is admitted on the part of those who seek to have the whole township formed into a hamlet, that the only object in doing this was to defeat the forming of a hamlet out of the northern portion of the town-

ship, because the forming of the hamlet in the northern portion would take out of the township the most valuable property, and would greatly reduce the taxes of the township for school and other purposes; the northern part of the township containing the most valuable property, would yield large taxes which would be to the benefit of the southern portion of the township and that portion of the township did not propose to lose that benefit by allowing the northern part of the township to be formed into a hamlet.

It is claimed that the proceedings taken by the petitioners for a hamlet in the northern part of the township were irregular in that the map was ineffecient.

No complaint was made of the map at the time it was presented, and, after it was once filed, it could be and was supplemented by a more perfect one, which was done before action was taken by the board of trustees.

It is said that the statute [See Sec. 1562, Rev. Stat., *et seq.*] provides a remedy other than an action of this kind for any errors committed in this proceeding, but the provision in the statutes was not intended to meet a case of this kind.

In this case, the trustees had no authority nor jurisdiction to act on the second petition filed until the first had been submitted; and, if, under the first petition, the northern part of the township was formed into a hamlet, then they could not act on the second petition filed, except it should be modified. And the action, therefore, is properly brought.

Much has been said in this case, about the fraud in accomplishing what has been done by the board of trustees. No secret is made of the fact that the project of forming the entire township into a hamlet was originated and carried forward for the purpose of defeating the forming of a hamlet out of the northern part of the township. And there is but little doubt but what the trustees were aware of the purpose of the presentation of the second petition and that they were quite willing to do all they could to help defeat the inhabitants of the northern part of the township; and it is claimed that this constitutes the fraud.

We do not see any fraud in this. Speaking for myself alone, I see nothing more in it than an attempt to thwart and do away with the purpose of a statute of the state. [Secs. 1561a, b, c, Rev. Stat.]

The statute pertaining to hamlets was passed for the purpose of allowing a part of a township, or any particular territory, to form itself into a hamlet because its needs and necessities were different from the other territory lying adjacent. If the purpose of the statute could be defeated in the way in which it was admitted in this case, then every attempt to form a hamlet in the state of Ohio could be defeated in the same way and be defeated without any purpose of forming the larger territory into a hamlet other than to keep the smaller territory from forming itself into a hamlet.

An action of this kind, that would undertake to defeat the purposes of a statute of the state, would be against public policy, and such action would not be permitted in the courts; and this, in my judgment, is all that could be said of such action. It could not be said to be fraudulent, but merely against public policy; but we do not base our judgment in this case upon this ground, but upon the ground that it was the duty of the trustees to act on the petition of the residents in the northern part of the township first, and they had no authority to act on the other until

they saw what became of the first, and that the action they had taken was without authority at law and is, there:ore, void and is to be treated. in this action as a nullity, and they can be and are required by this court. to proceed to submit to the vote of the residents within the territory lying north of the southerly line of the right-of-way of the railroad company the question of whether they will form themselves into a hamlet or not, as is directed by law.

The mandatory writ is granted.